Good morning, your honors. May it please the court. My name is Keith Hilzendegger. I'm from the Federal Public Defender's Office in Phoenix, and I represent the petitioner in this case, Stephen Chaney, and I will try and save a couple minutes for rebuttal. The court should reverse the denial of Mr. Chaney's habeas corpus petition and remand with instructions to grant it and resentence him to no more than 10 years in prison. The district court correctly ruled that it had jurisdiction to entertain the petition through the escape hatch, but erred in classifying Mr. Chaney's prior convictions for Kentucky second-degree burglary as violent felonies under the Armed Career Criminal Act. Well, under the escape hatch, there are two ways that you can get jurisdiction. One is to claim actual innocence. He's not claiming actual innocence. There's no claim here that Mr. Chaney is innocent of the crime. That's correct. The crime. What he's saying is that the sentence is unjust. The claim here is that he's innocent of a noncapital sentence. But doesn't innocent, actual innocence mean innocence of the crime? So this Court has never said that the escape hatch applies to a noncapital, a challenge to a noncapital sentence on the ground that it's illegal and that it exceeds a statutory maximum. But this Court has also never said that it doesn't extend that far. This Court has repeatedly left that question open, and that's why I spent a little bit of time in the opening brief, maybe more than I otherwise would have, because the district court ruled in my favor on this issue. That's why I spent some time discussing it in the brief, because it is an open question in this circuit. And I want to give the panel an opportunity to ask questions about that if there are any. But the way this case comes to the Court, you know, my friend at the other table may disagree with this assertion. But I think there's really no dispute between us that the district court correctly asserted subject matter jurisdiction here. And so I want to make sure that we've aired that issue sufficiently, because, Your Honor, you seem to have some questions. Yeah, my question is, if there's no Ninth Circuit court case that says the escape hatch applies to innocence from the sentence rather than innocence from the crime, let's put it that way, why should we interpret the language of the statute to cover that situation? Because Marrero v. Ives said that the Court probably will in the right case. And I think that this is the right case, even though I recognize that the Supreme Court has taken a lot of the wind out of my sails on the merits. I think this is the right case. And this Court should eventually publish an opinion that says this is a viable challenge so that other Petitioners can have the benefit of knowing for sure that challenges to noncapital sentences on the ground that they exceed a statutory maximum are cognizable under the escape hatch of Section 2255, even if, you know, Mr. Cheney should ultimately lose on the merits. I think this is the right case to say district courts have subject matter jurisdiction here. Counsel. Judge Blanken. So what's the lay of the land on what other circuits have done with that precise issue? So I laid it out in my reply brief on page 7, where I pointed to four circuits that have ruled that the escape hatch does allow for jurisdiction, subject matter jurisdiction in this case, and three circuits that have said that the escape hatch does not allow for jurisdiction in this case. This Court's decision in Marrero v. Ives strongly suggests that it will side in an appropriate case with those circuits that have found subject matter jurisdiction to be appropriate, but this Court has never expressly said so. Can you tell me, as to the three circuits that seem to deny that there's jurisdiction under the escape clause, what is their thinking on that? Their thinking, Your Honor, is that the escape hatch is limited strictly to challenges of innocence of the crime and doesn't extend beyond that. Well, inability to have a clear shot is the second portion of the escape clause, right? That's correct. And I thought they, sorry, but I thought at least two of the circuits did it on clear shot, which our circuit interprets differently. Your Honor, I'm not 100 percent sure of that off the top of my head. If, if. I think the reasoning of at least two of the circuits is precluded by our reasoning about a clear shot, so it would seem like our circuit's law is more aligned with the circuits that have said there is jurisdiction than there is not. Now that, now that we're talking about that, I do recall that that is, that is correct. Our, the Ninth Circuit law seems to take a more favorable position on the unobstructed procedural shot angle that would allow for, for asserting jurisdiction here if there were, if there were, if it were also found that, you know, innocence extends to innocence of a noncapital sentence. I want to leave some time to talk about the merits to the extent the panel has any questions, although like I, like I've said before, I, I think the Supreme Court has taken a lot of the wind out of my sails on these questions, and Judge Friedland, it looks like you have a question. I mean, I just think that you have a very hard problem on the merits at this point. So I'm wondering whether this really is a good vehicle to resolve this jurisdictional issue, even if you're correct about it. Well, Your Honor, I, I think there is one sliver of the merits that is not absolutely foreclosed by the decision in Stitt, and it's this. The companion case in Stitt, Sims, left open the question about whether or not a statute like the one in Arkansas where the text of the statute seemed to punish as burglary breaking into a car where a homeless person sleeps, that might be overbroad. And Kentucky's definition of dwelling is materially identical to the Arkansas definition in that case. The Supreme Court remanded Stitt to the Eighth Circuit for further consideration of the merits, and so Stims, I'm sorry, Stitt and Sims don't foreclose that. The difficulty I have to concede is then I haven't been able to find a Kentucky case that says Kentucky punishes as burglary breaking into a car where a homeless person sleeps, and so that, that's sort of where I'm at. Counsel, Judge Gould, could I ask you to respond on a point that Judge Friedman just raised as to whether it's a suitable case to assess jurisdiction in light of the merits? My question is this. I thought, and please correct me if I'm wrong, that the U.S. Supreme Court in the Steele Co. case said we're not allowed to assume jurisdiction and then resolve a case on the merits. It has to be decided if there is jurisdiction. I agree with that analytical framework, Your Honor. This Court has to satisfy itself that the district court had subject matter jurisdiction over the claim on the merits. And I think that's why this Court should say that it does. Even if the Court reaches the merits and says Mr. Cheney should lose, he is arguing that his sentence exceeds the statutory maximum because if he is correct that these burglary convictions don't qualify as violent felonies under the Armed Career Criminal Act, his 15-year sentence would be illegal. And that kind of claim is exactly the sort of claim that this Court said in Marrero v. Ives should be cognizable under the escape hatch. And since I see the yellow light is on, unless you have any other follow-up questions, Judge Gould? No, none here. Thank you. I will reserve the balance of my time. Thanks. Good morning. May it please the Court, my name is Dennis Bastian from the United States Attorney's Office in Tucson, and I'm here on behalf of the respondent, Barbara Blankensy. I'll start with jurisdiction. I wouldn't say that we conceded jurisdiction. I would say that we skipped ahead to the merits. And one point about – Well, you actually argued in your brief that the jurisdictional issue is controlled by Ali Malo, didn't you? You didn't really skip it. You argued something about why there is jurisdiction. Well, we stated that the government's official position, which is embraced by the 10th and 11th circuits, is not reconcilable with this circuit's precedents. But there was one thing that we brought up, and we didn't connect it to this case. What makes this case peculiar is that Mr. Cheney was convicted in the Sixth Circuit, and the Sixth Circuit has expressly considered this argument and rejected it. So where he's convicted, this argument is a non-starter. Kentucky second-degree burglary is a violent offense under the Armed Career Criminal Act. Well, he happens to be in prison in Tucson, and so his petition is in front of the Ninth Circuit. But, you know, we originally thought of that as sort of a procedural issue, like what happens to this case if you remand it, because often these are sent back for resentencing, although they may not always be. But that really does relate to jurisdiction. There's two prongs that this court has in its Savings Clause cases. In order to get through the Savings Clause and into a district of confinement with a 2241 petition, you generally have to show that there's been a material change in the law that occurred after your direct appeal and 2255 ran its course, and that as a result of that material change in the law, you're actually innocent. It could be of the crime, maybe of a sentence that exceeds a statutory maximum, but there has to be a material change in the law that renders you actually innocent. So what Mr. Cheney argued and what the district court agreed with was that the Well, now we have the benefit of Malone, which was the Sixth Circuit case on this issue. So we know that the camps and Mathis did not ultimately change the law. It did not ultimately result in a material change in the law. And so... You say that it was decided by the Malone case? Yes. The Sixth Circuit and Malone rejected this argument. They specifically held that Kentucky second-degree burglary is a violent offense under the Armed Career Criminal Act. So for that to be relevant to the jurisdictional question, you have to think that Congress in 2241 wouldn't have included sentencing because of this weirdness of the possible need to re-sentence in a circuit that had different law. Is that the argument you're making? I don't know that I'm making a broad argument about the scope of the Savings Clause as much as a narrow argument about how that applies in this particular case. But it seems like to have it affect jurisdiction, I mean, isn't there just going to need to be an answer jurisdictionally to whether 2241 claims can be brought about on constitutional sentences? So you may disagree that he has an unconstitutional sentence. I understand that. But if he did, I mean, that is the nature of his claim. And so the jurisdictional question that, as Judge Gould was pointing out, we need to reach before we can reach the merits is do we have jurisdiction to look at that  claim? And I would think it would have to be a general answer as to all sentencing claims, not just this particular one that happens to arise from the Sixth Circuit. Well, I think if Malone had come out the other way, this Court probably would have jurisdiction. But since Malone didn't. But so you're saying because Malone came out that way on this particular sentencing issue, all habeas cases involving sentencing challenges have no jurisdiction? No. I'm not making that broad of a claim. I'm saying in this particular case, you can't make the argument that the camps in Mathis led to a material change in the law. Because in Malone, which is in the Sixth Circuit, which governs his conviction, they still deem this crime to be generic burglary. So at the time Mr. Cheney was convicted, Kentucky second-degree burglary was a violent offense. Today, Kentucky second-degree burglary is a violent offense. And so there was no material change in the law. And he can't claim, certainly within his own district of conviction, that he's actually innocent. I agree that there's an open question. First of all, if Malone hadn't come out at all, that would be an interesting question. It's not the question we have here. He would have a very strong case if Malone came out in his favor. Because then he could point to a real material change in the law. You know, yes, court, I was convicted of this violent offense. But then DeCamps and Mathis change how we analyze whether a state burglary statute is generic burglary. And now, look, in my own circuit, they have thrown out this crime. But that's not what happened. And so ultimately, we don't have a strong interest in this case in whether the court denies it on jurisdictional grounds or on the merits. And sometimes in these cases, it's hard to tell when you stop talking about merits. In the Malone case, did the Sixth Circuit inquire as to the jurisdictional element? No. Malone was not on a 2241. The question in front of Malone was the strictly legal question here, which is whether Kentucky second-degree burglary was broader than generic burglary. And they said it's not. It's a narrower crime than generic burglary. And so it still qualifies as a violent offense. So if Mr. Cheney had continued to be incarcerated in the Sixth Circuit, he wouldn't have claimed that's your position? Yes, you're right, Your Honor. If he were in prison in the Sixth Circuit, this would be a non-starter. Well, once Malone came out in the middle of our – well, actually, very close to the end of our case at the district court. The magistrate issued his report and recommendation without Malone, and then Malone came out right before the district court judge actually adopted that. So it came out pretty late in the process here. But I agree. If we were starting today and Mr. Cheney was in prison within the Sixth Circuit, his claim would be a non-starter. Whether that's a jurisdictional issue or merits, they kind of blend together. It seems like a merits issue. It does. It's hard to tell. They do blend together. It's hard to tell because you could make the argument that the court never has jurisdiction unless it's going to grant the petition on the merits. But I don't – that doesn't seem right. And that's the implication of using Malone, isn't it? I mean, you're using Malone to say he's going to lose, so that means we don't have jurisdiction, but we're not supposed to figure out if he loses until we figure out if he has jurisdiction. I think it's tricky. Well, I think if Malone had not come out, you could make the argument that the magistrate concluded that de Camps and Mathis materially changed the law, and then he has this potential claim that his prior offense is broader than generic burglary. But because Malone did come out, ultimately there was no material change in the law. De Camps and Mathis did not result in a change in the outcome in whether Kentucky second-degree burglary is broader than generic burglary. So it turns out we now have newer Supreme Court cases that probably make his claim lose on the merits. But what if we think Malone makes no sense? Because I personally think Malone's reasoning makes no sense, so I don't know how we would factor that into this analysis that sort of jumps to the merits for the jurisdictional reason. Well, are you asking whether we're bound by the Sixth Circuit? I mean, like, are we bound by Malone's reasoning? Malone – when I read Malone, I don't understand what the Sixth Circuit was doing in Malone. So in fact, they got to the right result according to new Supreme Court cases, so it kind of ends up okay. But they do a very weird somersault through the law to get to that result, I think, before you have the new Supreme Court decisions of Stitt and Quarles. I think you've asked two questions. I'll answer them in what I think is the order you asked them. So first, is this Court bound by the Sixth Circuit? It's not that this Court is bound by the Sixth Circuit. It's that his conviction is governed by the Sixth Circuit. Second, I'd like to address Malone because we do agree with the reasoning in Malone. Malone addressed the exact same textual argument that Cheney makes here on the merits, which is that the word building, when it appears in the definition of dwelling, is the defined term building, and therefore dwelling incorporates the definition of building. I think the Malone Court very persuasively rejected that by looking at the text of the definitions, and I don't know if I have enough time to. But if we, I mean, so, you know, I've read that. If I think that that really doesn't make sense because there's a definition of the term and then the term is used, and usually when a definition is given, we use the term. So if we just disagree with that, what are we supposed to do with this Malone argument as to the way you're saying it affects the jurisdictional analysis? Well, I think the first answer is I think the Court probably doesn't have jurisdiction because there's no change in the law in his district of conviction. And second, on the merits, we know from Duenas-Alvarez, which is a 2007 Supreme Court case about how to do the formal categorical analysis, that you can't just point to a statute and say this is ambiguous about the scope. It's ambiguous about whether the statute might apply to conduct outside the scope of generic burglary. You have to look at Kentucky cases, and there are at least two Kentucky cases that reject the argument that they're making that the word building, when it is used, is the defined term. Those cases are Caldwell and Soto, and that wraps up my time. If there are no further questions, thank you, and we just request that the Court affirm. Okay. Do you wish to rebut? This Court is not bound by Malone. On page 19 of my reply brief, I cited this Court's decision in Nungaray, where it says we are not bound by the Seventh Circuit, and I don't think this Court should be bound by the Sixth Circuit either. It is a puzzle, though. So I think, if I remember right, it was in Brown v. Carraway, the Seventh Circuit case, where there was a remand on one of these 2241s. The district court says, well, I can't resentence because I'm not the sentencing court, sends it to Delaware. Delaware then says, we're not bound by the Seventh Circuit. We don't know what to do. I guess we'll resentence him anyway. But in the Sixth Circuit, that might not happen. So that's where 28 U.S.C. Section 2243 comes in, where the district court is directed to dispose of the petition as law and justice require. And if this Court disagrees with Malone and thinks that there's an opening to rule from Mr. Cheney on the merits, Section 2243 allows the district court to resentence Mr. Cheney, the district court in Arizona. The district court in Arizona has resentenced other 2241 petitioners, as I cited in my reply brief. And this Court could direct the district court here to do that as well. And if there are no further questions, I'll ask this Court to reverse. Thank you very much. Thank you, Counsel, for your argument. And the case of Cheney v. Von Blankensee is submitted for decision.
judges: Gould, Bea, Friedland